## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release is made this $\underline{1^{th}}$ day of April, 2017; between Oscar Baten and Fernando Baten ("Plaintiffs") and East 33rd Street Restaurant Corp. d/b/a Caliente Cab Co. and Anthony Brasco ("Defendants").

**WHEREAS** Plaintiff Oscar Baten alleges that he was employed by Defendants as a dishwasher and chef at varying times from approximately 2008 to 2016, and Plaintiff Fernando Baten alleges that he was employed by Defendants to perform various "back of the house" duties such as cleaner, dishwasher, and food preparer, from October 2015 through October 2016; and

**WHEREAS** Plaintiff Oscar Baten, through his counsel, Samuel & Stein, has filed an action in the United States District Court, Southern District of New York ("the Court"), under Docket No. 16-cv-5404, alleging, *inter alia,* violations by defendants of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.,* as well as violations under the New York Labor Law ("NYLL"), Article 6, §§ 190 *et seq.,* and Article 19, §§ 650 *et seq.*

**WHEREAS** on October 26, 2016, Fernando Baten, by and through counsel, filed an opt-in consent form with the Court, requesting that he be added as a Plaintiff in the Action;

**WHEREAS** Defendants deny all of the material allegations asserted by Plaintiffs in their Complaint and have denied and continue to deny that they have violated any law, rule or regulation or committed any wrong whatsoever against Plaintiffs;

**WHEREAS** the Parties have exchanged information related to the claims in this Action, such that they have adequate information to assess the appropriateness of this Agreement; and

**WHEREAS** the Parties reached a binding settlement as the result of a settlement conference before Magistrate Judge James C. Francis on March 1, 2017, and the Parties desire to memorialize this settlement in a writing and resolve and settle the Action in an amicable manner without the expense of further litigation;

**NOW, THEREFORE,** with the intent to be legally bound hereby, and in consideration of the mutual covenants and promises herein contained and for other good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree as follows, subject to Court approval pursuant to applicable provisions of federal, state and/or local law:

### 1. Settlement Payment and Other Consideration

      a. In full and final settlement of the Action, and in consideration for the release contained in Paragraph 2 of this Agreement, Defendants, jointly and severally, shall make a total payment of $45,000 (the "Settlement Sum"), in installments as set forth in Paragraphs 1(b) – 1(f) below.

b. The amounts payable to each Plaintiff and to Plaintiff's Counsel shall be as set forth in the Rider attached to this Settlement Agreement.

c. Payments shall be issued to "Samuel & Stein, as Attorneys for Oscar and Fernando Baten."

d. Payments due under this Agreement shall be made in five monthly installments. The first installment, of $25,000, shall be made so that it is received within two (2) business days of the Effective Date, but shall not be due any earlier than April 24, 2017. The subsequent installments, of $5,000 each, shall each be made so that they are received within 30 days of the due date of the prior installment. The specific amounts due to each Plaintiff and to Samuel & Stein are set forth in the Rider to this Settlement Agreement, which is incorporated by reference into this Settlement Agreement.

e. All payments specified above shall be delivered to Samuel & Stein at the address specified in Paragraph 15, or shall be wired to the Samuel & Stein attorney trust account.

f. All monies due and payable under this Settlement Agreement shall be paid in the form of guaranteed, certified funds (e.g., certified check, cashier's check, or money order), attorney trust account check, or wire transfer. In the event that any payment issued by Defendants pursuant to this Paragraph is nevertheless returned as uncollectable or because of insufficient funds, Defendants shall reimburse Plaintiffs and/or Plaintiffs' counsel for any bank fees incurred as a result of the returned check(s).

g. Except as provided above, each Party shall bear the Party's own costs and fees.

h. It is expressly understood that no party hereto is entitled to, and shall not seek, attorneys' fees from the other in connection with this matter except as expressly set forth herein. It is further expressly understood that no party shall be deemed the prevailing party in this matter.

2. **Release.**

a. In consideration for the payment and benefits provided for in Paragraph 1 of this Agreement, Plaintiffs and their successors, assigns, heirs, executors, agents, administrators and any legal and personal representatives, and each of them hereby releases, remises, acquits and forever discharges Defendants and their predecessors, successors, assigns, parents, subsidiaries, affiliates, officers, trustees, directors, shareholders, partners, employees, agents, heirs, administrators, executors, and attorneys, past and present (the "Releasees") from any and all claims, demands, actions, causes of action, debts, liabilities, rights, contracts, obligations, duties, damages, costs, of every kind and nature whatsoever, and by whomever asserted, whether at this time known or

suspected, or unknown or unsuspected, anticipated or unanticipated, direct or indirect, fixed or contingent, which may presently exist or which may hereafter become known, relating to any claim regarding unpaid or improperly paid wages, including claims of (a) violations of the minimum wage or overtime provisions of the Fair Labor Standards Act; (b) violations of the minimum wage and overtime provisions of the New York Labor Law; (c) defendants' failure to pay any wages owed to plaintiffs; (d) the "spread of hours" provisions of the New York Labor Law and applicable Wage Orders; (e) the wage notice and wage statement provisions of the New York Wage Theft Prevention Act; and/or (f) any and all claims for violation of any written or unwritten contract, agreement, understanding, policy, benefit, retirement or pension plan, severance plan, or covenant of any kind, or failure to pay wages, bonuses, employee benefits, other compensation, attorneys' fees, damages, or any other remuneration.

b. Plaintiffs hereby expressly consent that the release contained in Paragraph 2(a) shall be given full force and effect according to each and all of its express terms and provisions. Plaintiffs hereby expressly acknowledge that they have been advised to review this Agreement and the release that it contains with an attorney, that they understand and acknowledge the significance and consequences of said release, and that they understand and acknowledge that without such provision, Defendants would not have entered into this Agreement or provided Plaintiffs with the payments and benefits described in Paragraph l.

c. This release shall not affect or limit: (a) any claims that may arise after the date Plaintiffs sign this Agreement; (b) Plaintiffs' right to enforce the terms of this Agreement; or (c) any other claims that, under controlling law, may not be released by private settlement.

d. The Parties acknowledge that by entering into this Agreement, they are agreeing to waive any and all appeals that they may have or will have with respect to this Action.

3. **Stipulation of Dismissal**

Following the execution of this Agreement by each of the Parties, the Parties agree that their counsel will present this Agreement, along with the Proposed Order of Dismissal with Prejudice (the "Order") attached hereto as Exhibit A, to the Court for review and approval. Counsel for Parties shall cooperate and take all necessary steps to arrange for the Court's approval of the Agreement and entry of the attached Order. The terms of the Agreement will become effective on the date the Court provides notice to the Parties (via ECF notification or other means) of the Court's approval and execution of the Order (the "Effective Date").

4. **Non-Admission**

The Parties agree that this Agreement is not and shall not be construed as an admission by any Party of any liability or misconduct, or a violation by Plaintiffs of any of Defendants' policies or procedures, or of any federal, state or local statute, regulation or ordinance. Nor shall anything in this Settlement Agreement be construed as an admission of the absence of liability of any Party. Moreover, neither this Agreement nor anything contained in it shall be construed to be or shall be admissible in any proceeding as evidence of any admission by Defendants of any violation of any policies or procedures or of any federal, state or local statute, regulation or ordinance. This Agreement may be introduced, however, in any proceeding to enforce the Agreement.

5. **Successors and Assigns**

Upon the merger or consolidation of Defendant Corporation into or with another entity, this Agreement and Release shall bind and inure to the benefit of both Defendant Corporation and the acquiring, succeeding, or surviving entities, as the case may be.

6. **Applicable Law; Forum Selection**

This Agreement shall be governed by, and construed in accordance with, the laws of the State of New York without reference to its conflicts of laws principles. The Parties consent to the sole jurisdiction of the United States District Court for the Southern District of New York for any litigation arising out of the terms of this Agreement or the Parties' performance thereunder; in the event that this court lacks or declines jurisdiction over any such litigation, the Parties consent to the sole jurisdiction of the courts of the state of New York having jurisdiction over New York County.

7. **Execution in Counterparts; Facsimile signatures; Force and effect**

This Agreement may be executed using facsimile signatures, and in counterparts, with the same effect as if the signatures were original and made on the same instrument. A copy of a Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement. Facsimile or electronic copies of this Agreement shall be deemed for all purposes to have the same force and effect as the original hereof.

8. **Non-Disparagement**

   a. Plaintiffs agree not to make any false statement about Defendants or any of the Releasees that is derogatory, disparaging, or defamatory, whether by electronic, written or oral means, to any person (including, but not limited to, the press or other media, or on social media websites).

b. Defendants agree that they shall not, directly or indirectly, in public or in private, deprecate, impugn, disparage, or make any remarks that would or could be construed to defame Plaintiffs. Should Defendants be contacted regarding an employment reference for Plaintiffs, Defendant Brasco shall provide a neutral reference, confirming dates of employment, last wage rate, and job title, and shall not disclose the existence of the Action. If Defendants are specifically asked about the Action as part of a request for an employment reference, Defendant Brasco will state solely that the matter has been resolved.

9. **Breach; Cure; Enforcement**

   a. The Parties agree that the Court will retain jurisdiction of the Action for the sole purpose of enforcing the terms of this Settlement Agreement.

   b. In the event of a breach of any provision of this Agreement, the non-breaching Party shall provide written notice to the breaching Party as provided for in Paragraph 15, and the breaching Party shall have seven (7) days from receipt of the written notice to cure the aforementioned breach (the "cure period"). In the event a material breach of this Agreement still exists after the cure period has expired, the non-breaching Party shall be entitled to reasonable costs, attorneys' fees, and disbursements required in order to enforce this Agreement, in addition to any other relief a court deems just and proper.

   c. Failure to make scheduled payments within the cure period shall constitute a material breach and shall cause all remaining compensation owed by Defendants to Plaintiffs and Plaintiffs' Counsel under this Agreement to become immediately due and payable, and shall entitle Plaintiffs to apply for a default judgment before the United States District Court for the Southern District of New York – or any other court of competent jurisdiction – against any and all Defendants without further notice for the accelerated amount of 200% of the Settlement Sum, less any amounts already paid, along with reasonable attorneys' fees incurred in entering and enforcing the judgment, and statutory interest and costs, to be secured by an affidavit of confession of judgment as specified in Paragraph 9(d). This amount is not a penalty, but reflects the actual and statutory damages and costs Plaintiffs believe they could recover at trial.

   d. Defendants agree to execute an affidavit of judgment by confession in conformance with C.P.L.R. § 3218(a), a copy of which is attached as Exhibit B. The affidavit shall be held by Plaintiffs' counsel in escrow and may only be released back to Defendants upon written confirmation that the entire settlement sum has been paid. Plaintiffs are authorized to file the confession of judgment should Defendants be in material breach of this Agreement. Plaintiffs agree that once all payments set forth in Paragraph 1 of this

Agreement have been tendered, Plaintiffs will destroy the executed affidavit of judgment by confession and all copies thereof and provide immediate written notice of same to Defendants.

e. Except as otherwise provided herein, the prevailing party in any litigation arising out of the terms of this Agreement or the Parties' performance thereunder shall be entitled to reasonable attorneys' fees, disbursements, and costs, in addition to any other relief a Court deems just and proper.

## 10. No Retaliation

Consistent with their legal obligations, Defendants will not retaliate against Plaintiffs for participating in the Action and/or settlement.

## 11. Entire Agreement

The Parties acknowledge and agree that this Agreement is intended to memorialize an oral agreement reached at a Settlement Conference before Magistrate Judge Francis on March 1, 2017. That oral agreement and this Agreement, combined, reflect the entire agreement between the Parties and fully supersede any and all prior or contemporaneous agreements and understandings between the Parties. In the event of any conflict between the terms of the oral agreement and this Agreement, this Agreement shall take precedence.   No other promises or agreements shall be binding or shall modify this Agreement unless signed by Plaintiffs and an authorized representative of Defendants hereto, specifically referring to this Agreement and the modification or amending of it. Plaintiffs acknowledge that Defendants have made no promises to them other than those contained in the oral agreement and this Agreement.

## 12. Non-Waiver

No delay or omission by any Party in exercising any rights under this Agreement shall operate as a waiver of that or any other right.  A waiver or consent given by a Party on one occasion shall be effective only in that instance and shall not be construed as a bar or waiver of any right on any other occasion. No provision of this Agreement may be waived except by a written instrument signed by the Party waiving compliance.

## 13. Interpretation

a. Construal. Each of the Parties has participated in negotiating and drafting this Settlement Agreement after consulting with, and/or having had the opportunity to consult with, legal counsel. Accordingly, no Party shall maintain that the language of this Settlement Agreement shall be construed in any way by reason of another Party's putative role in drafting any of these documents. Ambiguities shall not be construed against any Party based on any claim about the identity of the drafter of the language.

b. Severability. In the event that any provision of this Agreement is held by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining provisions shall not be affected; and, the illegal or invalid provisions shall be reformed to the extent possible to be consistent with the other terms of this Agreement; and, if such provisions cannot be so reformed, they shall not be deemed to be a part of this Agreement. It is the intention of the Parties that if any term or provision of this Agreement is capable of two constructions, one of which would render the term or provision void and the other of which would render the term or provision valid, then the term or provision shall have the meaning that renders it valid.

c. Section Headings. Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

d. Recitals. The recitals set forth herein are part of the contractual undertaking of the Parties and shall not be regarded as surplusage.

## 14. Representations and Warranties

a. Each of the undersigned warrants that he or she is legally competent and duly authorized by the respective Parties to execute this Settlement Agreement on behalf of such Party.

b. Each Party hereby warrants, represents, covenants and acknowledges that he/she/it has been represented by independent legal counsel in connection with the review, negotiation, and execution of this Settlement Agreement. Each Party acknowledges that he/she/it has voluntarily, and upon the advice and approval of his/her/its legal counsel in this matter, read and understood this Settlement Agreement and all of its terms and conditions and agrees to each and every term and condition herein.

c. Plaintiffs represent that, other than the Action, Plaintiffs have not commenced or asserted any lawsuit, administrative charge or complaint, arbitration, claim or other legal proceeding against any or all of the Releasees in any forum, judicial, quasi-judicial or administrative, that is designed to remedy or seek redress for any right or rights waived and/or released by this Agreement.

d. Plaintiffs certify that they are not a party to any bankruptcy, lien, creditor-debtor or other proceedings which would impair their right or ability to waive the claims in this Action.

## 15. Notices

Any provision of this Agreement that calls for notice to be sent to Plaintiffs or Defendants shall be sent via email, messenger, overnight mail, or first class mail, and shall be directed as follows, or to any other address designated in writing:

Plaintiffs:
David Stein, Esq.
Samuel & Stein
38 West 32nd Street, Suite 1110
New York, NY 10001
dstein@samuelandstein.com

Defendants:
Paul P. Rooney, Esq
Ellenoff Grossman & Schole LLP
1345 Avenue of the Americas – 11th Floor
New York, NY 10105
prooney@egsllp.com

All notices, requests, consents and other communications hereunder shall be deemed to have been received either (i) if by hand, at the time of the delivery thereof to the receiving Party at the address of such Party's counsel set forth above, (ii) if made by facsimile transmission or email, at the time that receipt thereof has been acknowledged by electronic confirmation or otherwise, (iii) if sent by overnight courier, on the next business day following the day such notice is delivered to the courier service, or (iv) if sent by first class, registered or certified mail, on the 5th business day following the day such mailing is made.  No other methods of delivery are valid other than those expressly set forth above.

(REST OF PAGE INTENTIONALLY LEFT BLANK;
SIGNATURE PAGE IMMEDIATELY FOLLOWS)

**16.** **Signatures**

THE PARTIES ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS
AGREEMENT, UNDERSTAND IT, AND ARE VOLUNTARILY ENTERING INTO IT OF
THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE
CONSIDERATION OF ITS TERMS AND CONDITIONS.

Oscar Baten
Date: 04/07/17

Fernando Baten
Date: 04/07/17

East 33rd Street Restaurant Corp. d/b/a
Caliente Cab Co. and Anthony Brasco

By: _____   (print)
Date: _____

_____
Anthony Brasco
Date: _____

## 16.     Signatures

**THE PARTIES ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS
AGREEMENT, UNDERSTAND IT, AND ARE VOLUNTARILY ENTERING INTO IT OF
THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE
CONSIDERATION OF ITS TERMS AND CONDITIONS.**


_____          _____
Oscar Baten                              Fernando Baten
Date:_____           Date:_____


East 33rd Street Restaurant Corp. d/b/a
Caliente Cab Co. and Anthony Brasco

By:_____  (print)
Date:_____


_____
Anthony Brasco
Date:_____

## RIDER TO SETTLEMENT AGREEMENT

Compensation to plaintiffs shall be broken down as follows:

| Payee | Total | Payments | |
|---|---|---|---|
| | | Payment Within 7 days of Approval | Equal Monthly Installments |
| Samuel & Stein | $15,797.47 | $8,776.37 | $1,755.27 |
| Baten, Oscar | $22,639.73 | $12,577.63 | $2,515.53 |
| Baten, Fernando | $6,562.80 | $3,646.00 | $729.20 |

EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Oscar Baten, on behalf of himself and all other persons similarly situated, | |
| Plaintiff, | DOCKET NO. 16-cv-5404 (JCF) |
| - vs. -- | |
| East 33rd Street Restaurant Corp. d/b/a Caliente Cab Co. and Anthony Brasco, | |
| Defendants. | |

**STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE**

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for Plaintiffs Oscar Baten and Fernando Baten ("Plaintiffs"), and Defendants East 33rd Street Restaurant Corp. d/b/a Caliente Cab Co. and Anthony Brasco ("Defendants"), that all of Plaintiffs' claims in the Complaint in the above-captioned action are dismissed, with prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. The Parties further agree that the Court will retain jurisdiction of this matter for the sole purpose of enforcing the Settlement Agreement. Each Party shall bear his/her/its own costs and attorneys' fees.

Dated: April 26 2017

**SAMUEL & STEIN**

By: _____
David Stein

38 West 32nd Street, Suite 1110
New York, New York 10001
(212) 563-9884
Attorneys for Plaintiffs

**ELLENOFF GROSSMAN & SCHOLE LLP**

By: _____
Paul P. Rooney

1345 Avenue of the Americas – 11th Floor
New York, NY 10105
(212) 370-1300
Attorneys for Defendants

SO ORDERED:

_____
Hon. James C. Francis, U.S.M.J.

EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Oscar Baten, on behalf of himself and all
other persons similarly situated,

        Plaintiff,

        - vs. –

East 33rd Street Restaurant Corp. d/b/a
Caliente Cab Co. and Anthony Brasco,

        Defendants.

DOCKET NO. 16-cv-5404
(JCF)

AFFIDAVIT OF CONFESSION OF
JUDGMENT

State of New York  )
              ) ss:
County of New York )

     Anthony Brasco, personally and as an officer of Defendant East 33rd Street Restaurant Corp. d/b/a Caliente Cab Co., being duly sworn, deposes and states as follows:

     1.    East 33rd Street Restaurant Corp. principal place of business was located at 488 Third Avenue, New York, New York.

     2.    This Confession of Judgment is for a debt justly due and owing to Plaintiffs for the settlement of the matters in the United States District Court, Southern District of New York (Docket No.: 16-CV-5404), entitled *Oscar Baten et al. v. East 33rd Street Restaurant Corp. d/b/a Caliente Cab Co. and Anthony Brasco.*

     3.    Defendants jointly and severally hereby confess judgment in favor of Plaintiffs and authorize entry thereof in the amount of $90,000.00, less payments made towards the indebtedness described in paragraph "2," plus reasonable attorneys' fees incurred in entering and enforcing the judgment, and statutory interest and costs.

     4.    This affidavit of confession of judgment may be filed in the United States District Court for the Southern District of New York or the Supreme Court of the State of New York in and for Richmond County, New York.

{00501995.DOCX.1}

5. This confession of judgment is not for the purpose of securing Plaintiffs against a contingent liability.

Defendant East 33rd Street Restaurant
Corp.
By: Anthony Brasco

Sworn to before me this
24th day of April, 2017

Donna Baird
Notary Public State of New York
Qualified in King's County
Reg. #01BA4968627
Commission Expires on July 2, 20 18
8/31

Anthony Brasco, Individually

Sworn to before me this
24th day of April, 2017

Donna Baird
Notary Public State of New York
Qualified in King's County
Reg. #01BA4968627
Commission Expires on July 2, 20 18
8/31

{00501995.DOCX.1}